# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

SHAWN DUNN,                          )
                                     )
          Plaintiffs,                )
                                     )
     v.                              ) Civ. No. 18-417-GMS
                                     )
TEXAS GOVERNOR, et al.,              )
                                     )
          Defendants.                )

## MEMORANDUM ORDER

At Wilmington this 29ᵗʰ day of June , 2018;

IT IS HEREBY ORDERED that: (1) all pending motions are **denied** without prejudice to renew (D.I. 11, 17); and (2) the Clerk of Court is directed to **transfer** this action to the United States District Court for the Western District of Texas, Waco Division, for the reasons that follow:

1.       The plaintiff Shawn Dunn ("Dunn"), an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division filed this civil action complaint of alleged violations of his constitutional rights. Dunn appears *pro se* and has been granted leave to proceed *in forma pauperis*. He complains of events which occurred in Coryell County, Texas, and the individuals involved in those events are located there. Coryell County is located within the territorial jurisdiction of the Western District of Texas. *See* 28 U.S.C. §124(d)(2).

2.       A civil action wherein jurisdiction is not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property

that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court may raise venue and issue a Section 1404(a) transfer order *sua sponte. See e.g., Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

5.      The court considers Dunn's claims and concludes that the interests of justice would be best served by a transfer of this lawsuit to the proper district and division.

6.      For the above reasons, the Clerk of Court is directed to transfer this action the United States District Court for the Western District of Texas, Waco Division.

_____
UNITED STATES DISTRICT JUDGE